### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA
### NEW ORLEANS DIVISION

BOBBY PARIS,

     Plaintiff,

     v.

GC SERVICES, LP,

     Defendant.

Case No. 2:15-cv-5081

PLAINTIFF'S COMPLAINT

## COMPLAINT

BOBBY PARIS ("Plaintiff"), through attorneys, alleges the following against GC SERVICES, LP, ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. (FDCPA).

2. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION AND VENUE

3. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Defendant conducts business in the state of Louisiana, and, therefore, personal jurisdiction is established.

5. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

6. Plaintiff is a natural person residing in Houma, Louisiana.

7. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

8. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6), and sought to collect a consumer debt from Plaintiff.

9. Defendant is a debt collection company located in Houston, Texas.

10. Defendant, in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## FACTUAL ALLEGATIONS

11. Defendant places collection calls to Plaintiff seeking and demanding payment for an alleged debt.

12. Plaintiff's alleged debt arises from transactions for personal, household, and/or family purposes.

13. Defendant places collection calls to Plaintiff at 985-226-74XX.

14. In or around July, 2015 Defendant, though its representative "Jesse" placed a collection call to Plaintiff and left a voicemail message.

15. In the voicemail message, Defendant's representative failed to disclose the name of the company placing the call, failed to state that the call was being placed by a debt collector, and failed to state that the call was being placed to collect an alleged debt. *See* Transcribed Voicemail Message attached hereto as Exhibit "A".

16. In the voicemail message, Defendant's representative directed Plaintiff to return the call to 1-800-285-3417 extension 142, which is a number that belongs to Defendant.  *See* Exhibit "A".

17. In or around July, 2015 Defendant, though its representative "Sophia Ortiz" placed a collection call to Plaintiff and left a voicemail message.

18. In the voicemail message, Defendant's representative failed to disclose the name of the company placing the call, failed to state that the call was being placed by a debt collector, and failed to state that the call was being placed to collect an alleged debt.  *See* Transcribed Voicemail Message attached hereto as Exhibit "B".

19. In the voicemail message, Defendant's representative directed Plaintiff to return the call to 1-800-652-7681 extension 022, which is a number that belongs to Defendant.  *See* Exhibit "B".

20. Defendant is using false, deceptive and misleading means in connection with attempting to collect a debt by not identifying the purpose of its phone calls or that they are an attempt to collect a debt.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

21. Defendant violated the FDCPA based on the following:

a) Defendant violated §1692d(6) of the FDCPA by placing collection calls to Plaintiff without meaningful disclosure of the caller's identity;

b)  Defendant violated §1692e(11) of the FDCPA by failing to disclose in it communications with Plaintiff that the communications were from a debt collector;

WHEREFORE, Plaintiff, BOBBY PARIS, respectfully requests judgment be entered against Defendant, GC SERVICES, LP, for the following:

22. Statutory damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k.

23. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k

24. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

DATED:  October 9, 2015

By: /s/ Avery Lea Griffin
      Avery Lea Griffin
      81306 Robinson Road
      Folsom, La 70437
      Tel: 504-451-6550
      Fax: 866-409-7533
      agriffin@hg-e.com
      Attorney for Plaintiff,
      BOBBY PARIS